ASBURY PARK, A MUNICIPAL CORPORATION, RELATOR, v. THE TOWNSHIP OF NEPTUNE, IN THE COUNTY OF MONMOUTH, AND EDGAR PHILLIPS, BUILDING INSPECTOR, RESPONDENTS.

Argued October term, 1928—Decided December 6, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the relator, *Durand, Ivins & Carton.*

For the respondents, *Cook & Stout.*

PER CURIAM.

This case is, by its circumstances and testimony, related to case number 215 of the present term, which has been considered with it.

The material facts in the case are that the city of Asbury Park is the owner of sixty acres of land located in the adjoining township of Neptune. The land was purchased a number of years ago and was allowed to remain in an unimproved condition by the city, with the exception of a building erected thereon and maintained at one time by Asbury Park as an isolation hospital.

The city of Asbury. Park was desirous of erecting on the tract an incineration plant for the disposal of garbage and other refuse at an approximate cost of $130,000, and the officials of the two municipalities entered into negotiations as

to the location of the proposed plant. The negotiations terminated in the refusal of the township of Neptune to consent to the erection of the incineration plant, and thereupon the city of Asbury Park formally applied to the township of Neptune and to the building inspector thereof for a building permit, which permit was likewise refused.

The respondent the township of Neptune now contends that under the provisions of the Home Rule act a municipality may not erect a garbage disposal plant in another municipality without the latter's consent, and that therefore the obtaining of such consent is a condition precedent to the right of the municipality seeking the privilege to obtain a building permit for the erection of such plant.

The relator argues that the prohibition of the act, section 7, is only against acquiring lands for such purposes in another municipality and has no reference to the construction of buildings upon such lands when already acquired, as in this instance, for many years, and that the section is therefore inapplicable to the conditions existing in the case *sub judice,* inasmuch as the relator already owns the land in the adjoining municipality and has been such owner for a period of years.

It is clear from this situation that where the right of the city of Asbury Park is not clear and free from doubt, as it certainly is not under this statute, a peremptory *mandamus* will not issue to compel the township of Neptune to perform an act which may be classed at least as of doubtful legal character. What the future may bring forth may give rise to a different question, but at present the right to *mandamus* is not so clear under the statute invoked and the facts of the case as to warrant its issue at this time.

In the case of *Usskay* v. *Dill,* 92 *N. J. L.* 327, it was stated: "To warrant the issuing of the writ in any case the right of the petitioner to it must be clear, and the public duty sought to be enforced must be clear and specific. The right is never granted in a doubtful case. *State* v. *Newark,* 35 *Id.* 396; *High Extr. Rem.* 52; *Secaucus* v. *Kiesewetter,* 83 *N. J. L.* 227.

The rule will therefore be discharged.